IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO BARRIENTOS-GOMEZ,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BREWER,<br><br>    Respondent. | No.  2:22-CV-1816-DMC-P<br><br>ORDER |

      Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

      On March 9, 2023, mail directed to Petitioner was returned by the United States Postal Service as undeliverable.  Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned.  To date, more than 63 days have elapsed since mail was returned and Petitioner has not notified the Court of a change of address.

/ / /

/ / /

/ / /

1

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to inform the district court and parties of a change of address pursuant to local rules.  See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

Having considered these factors, and in light of Petitioner's failure to submit a notice of change of address, the Court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

2. Respondent's motion to dismiss, ECF No. 15, is denied as moot.

3. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  June 15, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE